1  Lawrence H. Meuers (SBN 197663)
   Meuers Law Firm, P.L.
2  5395 Park Central Court
   Naples, FL 34109-5932
3  Telephone:  239.513.9191
   Facsimile: 239.513.9677
4  lmeuers@meuerslawfirm.com

5  *Attorneys for Plaintiff*

6

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

| 9  | **KOR SERVICES, LLC d/b/a KOR PRODUCE, a Pennsylvania limited liability company,** | CASE NO.: |  |
|----|----|----|----|
| 10 |  | **CIVIL ACTION COMPLAINT** |  |
| 11 | **Plaintiff,** | Count I | Breach of Contract |
| 12 | vs. | Count II | Breach of Contract |
| 13 | **THOMSON INTERNATIONAL, INCORPORATED, a California corporation,** | Count III | Violation of PACA |
| 14 |  | Count IV | Violation of PACA |
| 15 | **Defendant.** | Count V | Breach of Express Warranty |
| 16 |  | Count VI | Breach of Express Warranty |
| 17 |  |  |  |
| 18 |  | Count VII | Breach of Warranty of Merchantability |
| 19 |  | Count VIII | Breach of Warranty of Fitness for a Particular Purpose |
| 20 |  |  |  |
| 21 |  | Count IX | Negligence |

22      KOR Services, LLC d/b/a KOR Produce files this lawsuit to recover damages
23  for breach of contract and warranty, and to enforce its rights under the Perishable
24
25  Civil Action Complaint                                                      Page 1

Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §§499a-t, as stated in each Count against Defendant, Thomson International, Incorporated.

## THE PARTIES

1. Plaintiff is KOR Services, LLC d/b/a KOR Produce ("KOR Produce"), a Pennsylvania limited liability company with its principal place of business located at 837 Scranton Carbondale Highway, Eynon, PA 18403.

2. Defendant is Thomson International, Incorporated ("Thomson International"), a California corporation with its principal place of business located at 9852 Buena Vista Boulevard, Bakersfield, CA 93307-9168.

## JURISDICTION

3. This Court has jurisdiction to hear the action pursuant to 28 U.S.C. §1331 because KOR Produce's claims arise under PACA, as amended, 7 U.S.C. §499e(b)(2).

4. This Court also has jurisdiction pursuant to 28 U.S.C. §1332. KOR Produce, a Pennsylvania limited liability company, and Thomson International, a California corporation, are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court has supplemental jurisdiction under 28 U.S.C. §1367(a) to hear all other claims alleged by KOR Produce.

## VENUE

6. Venue in this District is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions underlying this lawsuit occurred in this District.

## GENERAL ALLEGATIONS

7. KOR Produce re-alleges ¶¶1 through 6.

8. This is an action for damages arising from multiple sales and consignments of fresh onions to KOR Produce, individually and as a co-agent, between the dates of May 1, 2020, and July 31, 2020 (the "Relevant Period").

9. KOR Produce is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities, more commonly referred to in the industry as "produce," in interstate commerce.

10. At all times alleged in the Complaint, KOR Produce was licensed by the United States Department of Agriculture ("USDA") to buy and sell produce in interstate commerce under valid PACA license number 20120373.

11. Thomson International is a grower and shipper of fresh produce, including onions.

12. At all times alleged in the Complaint, Thomson International was licensed by the USDA to buy and sell produce in interstate commerce under valid PACA license number 19831181.

**A.   The Consignment Onions**

13. On February 29, 2020, Thomson International entered into a Growing, Sales and Marketing Agreement (the "Marketing Agreement") with KOR Produce and Onions 52, Inc., a licensed produce dealer in Syracuse, Utah ("Onions 52").

14. Thomson International appointed KOR Produce and Onions 52 (referred to jointly in the Marketing Agreement as "KORO52") to act as the

marketing and sales agents for its onions during the term of the Marketing Agreement, which began on February 29, 2020, and expires on February 1, 2023.

15. By the terms of the Marketing Agreement, Thomson International had an obligation to supply onions conforming to all quality standards applicable under USDA guidelines and the Food Safety Modernization Act ("FSMA").

16. Further, Thomson International warranted that the Consignment Onions would be merchantable, fit for their intended purpose, and free from contamination.

17. KORO52 agreed, *inter alia*, to:

   a) Market and sell the Consignment Onions to existing and new customers of both Thomson International and KORO52;

   b) Collect and receive payment from the Thomson International and KORO52 customers;

   c) Deduct a sales commission and any unpaid advances from the sale proceeds; and

   d) Remit the net sales proceeds to Thomson International.

18. The Marketing Agreement provides that in the event of any action to "enforce or interpret" its terms, the prevailing party is entitled to recovery all costs and expenses, including reasonable attorneys' fees.

19. During the Relevant Period, Thomson International consigned onions to KORO52 to market and sell to their customers in the United States and Canada (the "Consignment Onions").

20. KORO52 sold the Consignment Onions to multiple customers, including Diamond Onions, Inc. in Dallas, Texas ("Diamond"), and E. Armata, Inc. in Bronx, New York ("E. Armata") (collectively, the "Consignment Sales").

**B.     The Contract Onions**

21. During the Relevant Period, KOR Produce entered into contracts with Thomson International to purchase onions in various sizes and varieties (the "Contract Onions"). These transactions:

    a) Involved a total of 134 loads of Contract Onions, seven of which were cancelled before shipment;

    b) Were direct sales from Thomson International to KOR Produce; and,

    c) Were outside of the terms of the Marketing Agreement for Consignment Onions.

22. KOR Produce resold the Contract Onions to Onions 52.

23. Onions 52 resold the Contract Onions to multiple divisions of Sysco Corporation ("Sysco") in the United States and Canada, and to Hartley Produce, LLC ("Hartley Produce"), a licensed produce dealer in Prosser, Washington.

**C.     Thomson International's Voluntary Recall**

24. In or about July, 2020, the U.S. Food and Drug Administration ("FDA"), along with the U.S. Centers for Disease Control and Prevention ("CDC") and their Canadian partners, began investigating a multistate outbreak of Salmonella Newport infections.

25. The initial "traceback" identified onions grown and shipped by Thomson International on and after May 1, 2020, as the source of the contamination.

26. The FDA, California Department of Public Health ("CDPH"), and California Department of Food and Agriculture ("CDFA") initiated a joint investigation of Thomson International's packing house, farms, onion fields, and water sources in Bakersfield, California, and its shipping facility, Highline Cooling, LLC, in Holtville, California.

27. On August 1, 2020, Thomson International sent an "urgent" letter to its customers, including KOR Produce, advising of its voluntary recall of all Red, Yellow, White, and Sweet Yellow Onions shipped from May 1, 2020, through the date of the letter. The letter further advised Thomson International's customers to "[i]mmediately examine your inventory and quarantine or destroy product subject to this recall."

28. KORO52 and KOR Produce immediately notified their respective customers of Thomson International's voluntary recall.

**D.   Diamond's Recall Costs**

29. Upon information, Diamond notified its customers of the recall, and all of the Consignment Onions subject to the recall were destroyed or returned.

30. Diamond alleged damages for costs and expenses totaling at least $364,378.70 arising from or related to Thomson International's voluntary recall and the destruction of the Consignment Onions.

31. Diamond asserted a claim against KORO52 for reimbursement of its damages in the sum of at least $364,378.70.

**E.     E. Armata's Recall Costs**

32.    Upon information, E. Armata notified its customers of the recall, and all of the Consignment Onions subject to the recall were destroyed or returned.

33.    E. Armata alleged damages for costs and expenses of at least $8,900.00 arising from or related to Thomson International's voluntary recall and the destruction of the Consignment Onions.

34.    E. Armata asserted a claim against KOR Produce for reimbursement of its damages in the sum of at least $8,900.00.

**F.     Onions 52's Recall Costs**

35.    Upon information, Sysco notified its customers of the recall and destroyed the Contract Onions that were returned to it.

36.    Sysco incurred damages for costs and expenses of at least $1,539,821.74 arising from or related to Thomson International's voluntary recall and the destruction of the Contract Onions.

37.    Sysco recovered its damages from Onions 52.

38.    Onions 52 seeks reimbursement of at least $1,539,821.74 from KOR Produce.

**CLAIMS FOR RELIEF**

**COUNT I: BREACH OF CONTRACT**

**THE CONSIGNMENT ONIONS**

39.    KOR Produce re-alleges ¶¶1 – 20, and 24 – 34.

40.    KORO52 entered into a Marketing Agreement with Thomson International to market and sell the Consignment Onions. *See,* ¶¶13, 14.

41. KORO52 fully performed all conditions precedent to the Marketing Agreement for each of the Consignment Sales.

42. Thomson International breached the terms of the Marketing Agreement by supplying Consignment Onions that failed to conform to all quality standards applicable under USDA guidelines and the FSMA.

43. Thomson International breached the terms of the Marketing Agreement by supplying Consignment Onions that were recalled on August 1, 2020.

44. Diamond incurred damages of at least $364,378.70 arising from or related to the recall, and asserted a claim for reimbursement from KORO52.

45. KOR Produce and Onions 52, the co-agents under the Marketing Agreement, agreed to apportion Diamond's recall damages, with each being responsible for 50%. Accordingly, KOR Produce has reimbursed Diamond the sum of $182,189.35 for its recall damages.

46. E. Armata incurred damages of at least $8,900.00 arising from or related to the recall, and has been reimbursed in full by KOR Produce.

47. As a result of Thomson International's breach of the Marketing Agreement and voluntary recall of the Consignment Onions, KOR Produce has suffered damages in the amount of at least $191,089.35, plus costs and attorneys' fees.

FOR THESE REASONS, KOR Produce seeks entry of a judgment in its favor against Thomson International in the amount of at least $191,089.35, plus costs and attorneys' fees.

## COUNT II: BREACH OF CONTRACT

## THE CONTRACT ONIONS

48. KOR Produce re-alleges ¶¶1 – 12, 21 – 28, and 35 – 38.

49. KOR Produce entered into contracts with Thomson International to purchase the Contract Onions. *See,* ¶21.

50. KOR Produce fully performed all conditions precedent to the agreed contracts.

51. KOR Produce resold the Contract Onions to Onions 52, which resold them to Sysco and Hartley Produce.

52. Thomson International breached the contracts by selling KOR Produce Contract Onions that were contaminated or adulterated with Salmonella Newport.

53. Thomson International breached the contracts by voluntarily recalling the Contract Onions it sold to KOR Produce.

54. Sysco incurred damages of at least $1,539,821.74 arising from or related to Thomson International's voluntary recall and the destruction of the Contract Onions.

55. Sysco recovered its damages from Onions 52.

56. Onions 52 seeks reimbursement of at least $1,539,821.74 from KOR Produce.

57. As a result of Thomson International's breach of the contracts and voluntary recall of the Contract Onions, KOR Produce has suffered damages in the amount of at least $1,539,821.74, plus costs and attorneys' fees.

FOR THESE REASONS, KOR Produce seeks entry of a judgment in its favor against Thomson International in the amount of at least $1,539,821.74, plus costs and attorneys' fees.

## COUNT III: VIOLATION OF PACA

### <u>FAILURE TO PERFORM DUTY – THE CONSIGNMENT ONIONS</u>
*7 U.S.C. §499b(4)*

58. KOR Produce re-alleges ¶¶1 – 20, and 24 – 34.

59. The PACA statute and Federal Regulations make it unlawful for Thomson International to, *inter alia*, "to fail, without reasonable cause, to perform any specification or duty, express or implied, arising out of any undertaking in connection with any" produce transaction. *See*, 7 U.S.C. § 499b(4); 7 C.F.R. § 46.31(a).

60. Thomson International had express duties under the Marketing Agreement to, *inter alia*, supply KORO52 with Consignment Onions conforming to all quality standards applicable under USDA guidelines and the FSMA.

61. Thomson International failed, without reasonable cause, to perform its express duties under PACA by supplying Consignment Onions to KORO52 that were contaminated or adulterated with Salmonella Newport.

62. Thomson International failed, without reasonable cause, to perform its express duties under PACA by supplying Consignment Onions to KORO52 that were voluntarily recalled.

63. Thomson International's failure, without reasonable cause, to perform its express duties under the Marketing Agreement violated PACA and the Federal Regulations, 7 U.S.C. § 499b(4) and 7 C.F.R. § 46.31(a).

64. As a result of Thomson International's violations of PACA and the Federal Regulations, KOR Produce suffered damages in the amount of at least $191,089.35, plus costs and attorneys' fees.

65. Pursuant to PACA, 7 U.S.C. § 499e(a), Thomson International is liable to KOR Produce "for the full amount of damages… sustained in consequence" of its violations. *Id*.

FOR THESE REASONS, KOR Produce seeks entry of a judgment in its favor against Thomson International in the amount of at least $191,089.35, plus costs and attorneys' fees.

## COUNT IV: VIOLATION OF PACA

### FAILURE TO PERFORM DUTY – THE CONTRACT ONIONS
*7 U.S.C. §499b(4)*

66. KOR Produce re-alleges ¶¶1 – 12, 21 – 28, and 35 – 38.

67. The PACA statute and Federal Regulations make it unlawful for Thomson International to, *inter alia*, "to fail, without reasonable cause, to perform any specification or duty, express or implied, arising out of any undertaking in connection with any" produce transaction. *See*, 7 U.S.C. § 499b(4); 7 C.F.R. § 46.31(a).

68. Thomson International had express or implied duties under its contracts with KOR Produce to sell KOR Produce Contract Onions free of contamination or adulteration.

69. Thomson International failed, without reasonable cause, to perform its express or implied duties under PACA by selling Contract Onions to KOR Produce that were contaminated or adulterated by Salmonella Newport.

70. Thomson International failed, without reasonable cause, to perform its express or implied duties under PACA by selling Contract Onions to KOR Produce that were voluntarily recalled.

71. Thomson International's failure, without reasonable cause, to perform its express or implied duties violated PACA and the Federal Regulations, 7 U.S.C. § 499b(4) and 7 C.F.R. § 46.31(a).

72. As a result of Thomson International's violations of PACA and the Federal Regulations, KOR Produce suffered damages in an amount of at least $1,539,821.74, plus costs and attorneys' fees.

73. Pursuant to PACA, 7 U.S.C. § 499e(a), Thomson International is liable to KOR Produce "for the full amount of damages… sustained in consequence" of its violations. *Id*.

FOR THESE REASONS, KOR Produce seeks entry of a judgment in its favor against Thomson International in the amount of at least $1,539,821.74, plus costs and attorneys' fees.

## COUNT V: BREACH OF EXPRESS WARRANTY

## THE CONSIGNMENT ONIONS

74. KOR Produce re-alleges ¶¶1 – 20, and 24 – 34.

75. Under the terms of the Marketing Agreement, Thomson International expressly warranted that the Consignment Onions would conform to all quality standards applicable under USDA guidelines and the FSMA.

76. Thomson International breached the express warranty by supplying Consignment Onions contaminated or adulterated by Salmonella Newport.

77. Thomson International breached the express warranty by supplying Consignment Onions that were voluntarily recalled.

78. KOR Produce is entitled to incidental damages, including any "reasonable expense incident to the… breach," and consequential damages, including loss resulting from the requirements and needs of which Thomson International knew at the time of contracting. *See*, Cal. Com. Code § 2715.

79. As a result of Thomson International's breach of the express warranty, KOR Produce suffered damages in an amount of at least $191,089.35, plus costs and attorneys' fees.

FOR THESE REASONS, KOR Produce seeks entry of a judgment in its favor against Thomson International in the amount of at least $191,089.35, plus costs and attorneys' fees.

## COUNT VI: BREACH OF EXPRESS WARRANTY

## THE CONTRACT ONIONS

80. KOR Produce re-alleges ¶¶1 – 12, 21 – 28, and 35 – 38.

81. KOR Produce entered into contracts with Thomson International to purchase the Contract Onions. *See,* ¶21.

82. Thomson International expressly warranted that the Contract Onions would conform to the specifications of the contracts.

83. Thomson International breached the express warranty by supplying Contract Onions that were contaminated or adulterated by Salmonella Newport.

84. Thomson International breached the express warranty by supplying Contract Onions that were voluntarily recalled.

85. KOR Produce is entitled to incidental damages, including any "reasonable expense incident to the… breach," and consequential damages, including loss resulting from the requirements and needs of which Thomson International knew at the time of contracting. *See*, Cal. Com. Code § 2715.

86. KOR Produce is entitled to incidental damages, including any "reasonable expense incident to the… breach," and consequential damages, including loss resulting from the requirements and needs of which Thomson International knew at the time of contracting. *See*, Cal. Com. Code § 2715.

87. As a result of Thomson International's breach of the express warranty, KOR Produce suffered damages in an amount of at least $1,539,821.74, plus costs and attorneys' fees.

FOR THESE REASONS, KOR Produce seeks entry of a judgment in its favor against Thomson International in the amount of at least $1,539,821.74, plus costs and attorneys' fees.

## COUNT VII: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### THE CONTRACT ONIONS
*UCC § 2-314; Cal. Comm. Code § 2314*

88. KOR Produce re-alleges ¶¶1 – 12, 21 – 28, and 35 – 38.

89. Thomson International is, and at all times alleged herein was, a merchant, as defined in the California Commercial Code. *See*, Cal. Comm. Code § 2104.

90. Under the Uniform Commercial Code ("UCC") and the California Commercial Code ("CCC"), all goods sold by merchants carry an implied warranty of merchantability. *See*, UCC § 2-314; Cal. Comm. Code § 2314.

91. In pertinent part, merchantable goods:

   a) pass without objection in the trade under the contract description;

   b) in the case of fungible goods, are of fair average quality within the description;

   c) are fit for the ordinary purposes for which such goods are used; and

   d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved.

*See*, UCC § 2-314(2)(a-d); Cal. Comm. Code § 2314(2)(a-d).

92. KOR Produce entered into contracts with Thomson International to purchase the Contract Onions. *See,* ¶21.

93. The Contract Onions did not pass without objection in the trade under the contract description.

Civil Action Complaint      Page 15

94. The Contract Onions were fungible goods that were not of fair average quality within the description of commercially saleable onions.

95. The Contract Onions were not fit for the ordinary purposes for which commercially saleable onions are used.

96. The Contract Onions were not within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved.

97. As a result of Thomson International's breach of the implied warranty of merchantability, KOR Produce suffered damages in an amount of at least $1,539,821.74, plus costs and attorneys' fees.

FOR THESE REASONS, KOR Produce seeks entry of a judgment in its favor against Thomson International in the amount of at least $1,539,821.74, plus costs and attorneys' fees.

**COUNT VIII: BREACH OF IMPLIED WARRANTY
OF FITNESS FOR A PARTICULAR PURPOSE**

**THE CONTRACT ONIONS**

98. KOR Produce re-alleges ¶¶1 – 12, 21 – 28, and 35 – 38.

99. Thomson International is, and at all times alleged herein was, a merchant, as defined in the California Commercial Code. *See*, Cal. Comm. Code § 2104.

100. Under the Uniform Commercial Code ("UCC") and the California Commercial Code ("CCC"), all goods sold by merchants carry an implied warranty of fitness for a particular purpose. *See*, UCC § 2-315; Cal. Comm. Code § 2315.

101. KOR Produce entered into contracts with Thomson International to purchase the Contract Onions. *See,* ¶21.

102. Thomson International knew at the time of contracting that KOR Produce intended to resell the Contract Onions to its customers.

103. Thomson International knew that KOR Produce relied on its skill or judgment to select or furnish suitable Contract Onions for resale.

104. The contracts between Thomson International and KOR Produce had no exclusions or modifications to the implied warranty of fitness for a particular purpose.

105. The Contract Onions were not fit for the particular purpose of resale by KOR Produce because they were contaminated or adulterated with Salmonella Newport.

106. The Contract Onions were not fit for the particular purpose of resale by KOR Produce because they were voluntarily recalled by Thomson International.

107. As a result of Thomson International's breach of the implied warranty of fitness for a particular purpose, KOR Produce suffered damages in an amount of at least $1,539,821.74, plus costs and attorneys' fees.

108. FOR THESE REASONS, KOR Produce seeks entry of a judgment in its favor against Thomson International in the amount of at least $1,539,821.74, plus costs and attorneys' fees.

**COUNT IX: NEGLIGENCE**

109. KOR Produce re-alleges ¶¶1 – 38.

110. Under Cal. Health & Safety Code § 113980, Thomson International had a legal duty independent of the Marketing Agreement or sales contract to exercise reasonable care in supplying and shipping onions free of contamination and adulteration, and "fully fit for human consumption[.]" *Id*.

111. Thomson International breached its independent legal duty to exercise reasonable care by supplying and shipping Consignment Onions and Contract Onions contaminated or adulterated with Salmonella Newport.

112. Thomson International breached its independent legal duty to exercise reasonable care by supplying and shipping Consignment Onions and Contract Onions that were voluntarily recalled.

113. Thomson International's breach caused KOR Produce to suffer damages in the amount of at least $1,730,911.09.

114. Thomson International's breach was the proximate cause of KOR Produce's damages.

FOR THESE REASONS, KOR Produce seeks entry of a judgment against Thomson International in the amount of at least $1,730,911.09, plus costs and attorneys' fees.

**FOR THESE REASONS,** KOR Produce requests the following relief:

A. On Count I, entry of a Final Judgment in KOR Produce's favor against Thomson International in the amount of at least $191,089.35, plus costs and attorneys' fees;

B.    On Count II, entry of a Final Judgment in KOR Produce's favor against Thomson International in the amount of at least $1,539,821.74, plus costs and attorneys' fees;

C.    On Count III, entry of a Final Judgment in KOR Produce's favor against Thomson International in the amount of at least $191,089.35, plus costs and attorneys' fees;

D.    On Count IV, entry of a Final Judgment in KOR Produce's favor against Thomson International in the amount of at least $1,539,821.74, plus costs and attorneys' fees;

E.    On Count V, entry of a Final Judgment in KOR Produce's favor against Thomson International in the amount of at least $191,089.35, plus costs and attorneys' fees;

F.    On Count VI, entry of a Final Judgment in KOR Produce's favor against Thomson International in the amount of at least $1,539,821.74, plus costs and attorneys' fees;

G.    On Count VII, entry of a Final Judgment in KOR Produce's favor against Thomson International in the amount of at least $1,539,821.74, plus costs and attorneys' fees;

H.    On Count VIII, entry of a Final Judgment in KOR Produce's favor against Thomson International in the amount of at least $1,539,821.74, plus costs and attorneys' fees;

I. On County IX, entry of a Final Judgment in KOR Produce's favor against Thomson International in the amount of at least $1,730,911.09, plus costs and attorneys' fees; and

J. Providing any and all such other relief as deemed appropriate by the Court upon consideration of this matter.

Respectfully submitted on Friday, April 30, 2021.

**MEUERS LAW FIRM, P.L.**

/s/Lawrence H. Meuers
Lawrence H. Meuers