David V. Roth, Esq., (SBN 194648)
  dvr@manningllp.com
Emily I Ellse, Esq., (SBN 299579)
  eie@manningllp.com
MANNING & KASS
ELLROD, RAMIEREZ, TRESTER LLP
One California Street, Suite 900
San Francisco, California 94111
Telephone: 415.217.6990
Facsimile: 415.217.6999

Robert L. Sallander, Esq., (SBN 118352)
  rsallander@gpsllp.com
Chip Cox (SBN 159681)
  chipc@gpsllp.com
Helen H. Chen, Esq., (SBN 213150)
  hchen@gpsllp.com
GREENAN, PEFFER, SALLANDER & LALLY LLP
2000 Crow Canyon Place, Suite 380
San Ramon, California 94583
Telephone: 925.866.1000
Facsimile: 925.830.8787

Attorneys for Defendant and
Intervention-Defendant
THOMSON INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KOR SERVICES, LLC d/b/a KOR PRODUCE, a Pennsylvania limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THOMSON INTERNATIONAL, INC., a California corporation,<br><br>Defendant. | Case No.: 2:21-cv-03695 SSS PDx<br><br>**STIPULATION AND PROTECTIVE ORDER** |

| | |
|---|---|
| 1 | ONIONS 52, INC., a Utah corporation, |
| 2 | Intervenor-Plaintiff, |
| 3 | v. |
| 4 | THOMSON INTERNATIONAL, INC. a California corporation; and KOR |
| 5 | SERVICES, LLC d/b/a KOR PRODUCE, a Pennsylvania Limited |
| 6 | Liability Company, |
| 7 | Intervention-Defendants |

## I. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## II. GOOD CAUSE STATEMENT

This action is likely to involve confidential business information, and personally identifiable information protected under California Law and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information
consist of, among other things, confidential business information produced by Plaintiff KOR Services, LLC and Intervenor-Plaintiff Onions 52, Inc., protected by

1  statute under California law, confidential business or financial information,
2  information regarding confidential business practices, or other commercial
3  information otherwise generally unavailable to the public, or which may be
4  privileged or otherwise protected from disclosure under state or federal statutes,
5  court rules, case decisions, or common law. Accordingly, to expedite the flow of
6  information, to facilitate the prompt resolution of disputes over confidentiality of
7  discovery materials, to adequately protect information the parties are entitled to
8  keep confidential, to ensure that the parties are permitted reasonable necessary uses
9  of such material in preparation for and in the conduct of trial, to address their
10 handling at the end of the litigation, and serve the ends of justice, a protective order
11 for such information is justified in this matter. It is the intent of the parties that
12 information will not be designated as confidential for tactical reasons and that
13 nothing be so designated without a good faith belief that it has been maintained in
14 a confidential, non-public manner, and there is good cause why it should not be
15 part of the public record of this case.

16 **III.   ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE**

17         The parties further acknowledge, as set forth in Section 14.3, below, that this
18 Stipulated Protective Order does not entitle them to file confidential information
19 under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed
20 and the standards that will be applied when a party seeks permission from the court
21 to file material under seal. There is a strong presumption that the public has a right
22 of access to judicial proceedings and records in civil cases. In connection with non-
23 dispositive motions, good cause must be shown to support a filing under seal. See
24 Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006),
25 Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-
26 Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even
27 stipulated protective orders require good cause showing), and a specific showing of
28

good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## IV. DEFINITIONS

4.1    Action: *KOR Services, LLC v. Thomson International, Inc.*, U.S.D.C. (C.D. Cal.) Case No. 2:21-cv-03695-SSS-PD

4.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3  "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4  CONFIDENTIAL – ATTY EYES ONLY, shall mean protected information that is so designated by the producing party. CONFIDENTIAL – ATTY EYES ONLY may be used only for the following types of past, current, or future protected material: (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information; (2) sensitive business information, including sensitive financial or marketing information, tax or accounting information, and the identity of growers, suppliers, distributors, logistics providers, potential or actual customers, and former or current employees, (3) competitive technical information, including technical analyses or comparisons of competitor's products; (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products, services, and strategic product planning, or (5) any other protected material the disclosure of which to non-qualified people subject to this Protective Ordre the producing party reasonably and in good faith believes would likely cause harm.

4.5  Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

4.6  Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4.7  Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.9    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.10   Insurer: Zenith National Insurance Company

4.11   Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.12   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.13   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.14   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.15   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

STIPULATION AND PROTECTIVE ORDER      Case No.: 2:21-cv-03695 SSS (PD)

4.17   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**V.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

**VI.   DURATION**

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial for those documents, items or information introduced at trial as an Exhibit or by testimony.

/ / /

/ / /

/ / /

/ / /

## VII. DESIGNATING PROTECTED MATERIAL

### 7.1 Exercise of Restraint and Care in Designating Material for Protection

Once a case proceeds to trial, information that was designated as Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited except as agreed upon by the Parties. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

### 7.2   Manner and Timing of Designation

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

1 proceedings), that the Producing Party affix at a minimum, the legend
2 "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
3 contains protected material. If only a portion of the material on a page qualifies for
4 protection, the Producing Party also must clearly identify the protected portion(s)
5 (e.g., by making appropriate markings in the margins).

6     A Party or Non-Party that makes original documents available for
7 inspection need not designate them for protection until after the inspecting Party
8 has indicated which documents it would like copied and produced.
9 During the inspection and before the designation, all of the material made available
10 for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has
11 identified the documents it wants copied and produced,
12 the Producing Party must determine which documents, or portions thereof,
13 qualify for protection under this Order. Then, before producing the specified
14 documents, the Producing Party must affix the "CONFIDENTIAL legend" to
15 each page that contains Protected Material. If only a portion of the material on
16 a page qualifies for protection, the Producing Party also must clearly identify the
17 protected portion(s) (e.g., by making appropriate markings in the margins).

18     (b) for testimony given in depositions that the Designating Party identifies
19 the Disclosure or Discovery Material on the record, before the close of the
20 deposition all protected testimony.

21     (c) for information produced in some form other than documentary and for
22 any other tangible items, that the Producing Party affix in a prominent place on the
23 exterior of the container or containers in which the information is stored the legend
24 "CONFIDENTIAL." If only a portion or portions of the information warrants
25 protection, the Producing Party, to the extent practicable, shall identify the
26 protected portion(s).
27 / / /
28

STIPULATION AND PROTECTIVE ORDER      Case No.: 2:21-cv-03695 SSS (PD)

Greenan, Peffer, Sallander & Lally LLP

**7.3 Inadvertent Failure to Designate**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VIII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

**8.1     Timing of Challenges**

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**8.2     Meet and Confer**

The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

**8.3     Joint Stipulation**

Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

**8.4     Burdens and Sanctions**

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

/ / /

/ / /

/ / /

## IX. ACCESS TO AND USE OF PROTECTED MATERIAL

### 9.1 Basic Principals

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### 9.2 Disclosure of "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

/ / /

/ / /

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(j) Insurer and its representatives to whom disclosure is reasonably necessary to fulfill its obligations to Thomson International, Inc.

### 9.3  Disclosure of "CONFIDENTIAL – ATTY EYES ONLY" Information or Items

In addition to all of the requirements set forth in this Protective Order for material that is designated as "CONFIDENTIAL", the following additional requirements shall apply to information designated "CONFIDENTIAL – ATTY EYES ONLY."

Information that has been designated CONFIDENTIAL – ATTY EYES ONLY shall be disclosed by the receiving party only to Qualified Recipients. All

Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any action, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated CONFIDENTIAL or CONFIDENTIAL – ATTY EYES ONLY shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this order.

For purposes of this Order, "Qualified Recipient" means

(1) Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services;

(2) Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(3) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(4) Any outside TECHNICAL ADVISOR employed by the outside counsel of record, subject to the requirements in Paragraph 3 above;

(5) Any witness during the course of discovery, so long as it is stated on the face of each document designated CONFIDENTIAL INFORMATION—ATTY EYES ONLY being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document. Where it is not stated on the face of the confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise

involved in the creation of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that: (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, (ii) the party seeking disclosure provides advance notice to the party that produced the document, and (iii) the party that produced the document does not inform the party seeking disclosure that the person to whom the party intends to disclose the document did not in fact receive or review the documents. Nothing herein shall prevent disclosure at a deposition of a document designated CONFIDENTIAL INFORMATION—ATTY EYES ONLY to the officers, directors, and managerial level employees of the party producing such CONFIDENTIAL INFORMATION—ATTY EYES ONLY, or to any employee of such party who has access to such CONFIDENTIAL INFORMATION—ATTY EYES ONLY in the ordinary course of such employee's employment; and

(6) Insurer and its representatives to whom disclosure is reasonably necessary to fulfill its obligations to Thomson International, Inc.

The term TECHNICAL ADVISOR shall refer to any person who is not a party to this action and/or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's PROTECTED MATERIAL, including CONFIDENTIAL– ATTY EYES ONLY, and CONFIDENTIAL. Each party's TECHNICAL ADVISORS shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

/ / /

## X.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## XI. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the

15

STIPULATION AND PROTECTIVE ORDER

Case No.: 2:21-cv-03695 SSS (PD)

Greenan, Peffer, Sallander & Lally LLP

1  remedies and relief provided by this Order. Nothing in these provisions should be
2  construed as prohibiting a Non-Party from seeking additional protections.
3      (b) In the event that a Party is required, by a valid discovery request, to
4  produce a Non-Party's confidential information in its possession, and the Party is
5  subject to an agreement with the Non-Party not to produce the Non-Party's
6  confidential information, then the Party shall:
7      (1) promptly notify in writing the Requesting Party and the Non-Party
8  That some or all of the information requested is subject to a confidentiality
9  agreement with a Non-Party;
10      (2) promptly provide the Non-Party with a copy of the Stipulated
11  Protective Order in this Action, the relevant discovery request(s), and a reasonably
12  specific description of the information requested; and
13      (3) make the information requested available for inspection by the
14  Non-Party, if requested.
15      (c) If the Non-Party fails to seek a protective order from this court within 14
16  days of receiving the notice and accompanying information, the Receiving Party
17  may produce the Non-Party's confidential information responsive to the discovery
18  request. If the Non-Party timely seeks a protective order, the Receiving Party shall
19  not produce any information in its possession or control that is subject to the
20  confidentiality agreement with the Non-Party before a determination by the court.
21  Absent a court order to the contrary, the Non-Party shall bear the burden and
22  expense of seeking protection in this court of its Protected Material.

### XII.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its

best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

### XIII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

### XIV. MISCELLANEOUS

#### 14.1 Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

#### 14.2 Right to Assert Other Objections

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

/ / /

**14.3  Filing Protected Material**

A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## XV.  FINAL DISPOSITION

If a After the final disposition of this Action, as defined in paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, email, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

## XVI.  VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS SO STIPULATED.

Dated: November 19, 2024  GREENAN, PEFFER, SALLANDER & LALLY, LLP

By: _____/s/_____
Chip Cox
Attorneys for Defendant and Intervention-Defendant
THOMSON INTERNATIONAL, INC.

Dated: November 19, 2024  STEWART SMITH

By: _____/s/_____
Nace Naumoski
Attorneys for Intervenor-Plaintiff
ONIONS 52, INC.

Dated: November 19, 2024  MEUERS LAW FIRM, P.L.

By: _____/s/_____
Steven E. Nurenberg
Attorneys for Plaintiff
KOR SERVICES, LLC dba
KOR PRODUCE

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED

Dated: November 20, 2024

By: *Patricia Donahue*
Hon. Patricia Donahue
UNITED STATES COURT MAGISTRATE JUDGE